Submitted January 12, reversed and remanded February 9, 2022

## In the Matter of the Guardianship of
## Jasmine Cherise Kay Louie, Protected Person.
### Andrew LOUIE,
*Appellant,*

*v.*

### Jasmine Cherise Kay LOUIE,
*Respondent.*

### Clackamas County Circuit Court
### 16PR01028; A174653

506 P3d 1187

The protected person's court-appointed guardian, who is her husband, appeals a limited judgment ordering payment of attorney fees to court-appointed counsel for the protected person. Although it is undisputed that the protected person has no funds or other assets of her own, pursuant to ORS 125.095, the probate court ordered guardian to pay appointed counsel's fees on a payment plan paralleling the schedule on which he was paying the attorney fees he incurred in his capacity as guardian. On appeal, guardian argues that the limited judgment must be set aside to the extent that it directs him, as husband, to pay the protected person's court-appointed counsel from his own funds. *Held*: Under ORS chapter 108, the property or money of one spouse is not the property or money of the other simply because they are married. The probate court erroneously relied on ORS 107.105, which does not provide legal authority for treating the separate funds of husband as wife's own funds for purposes of ORS 125.095.

Reversed and remanded.

Susie L. Norby, Judge.

Brooks F. Cooper and Draneas Huglin Cooper LLC filed the brief for appellant.

Darlene Pasieczny, Victoria Blachly, and Samuels Yoelin Kantor LLP filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

LAGESEN, C. J.

Reversed and remanded.

**LAGESEN, C. J.**

This dispute arose from a protective proceeding under ORS chapter 125. Andrew Louie, who is both the protected person's court-appointed guardian and her husband, appeals a limited judgment ordering payment of attorney fees to court-appointed counsel for the protected person. Although it is undisputed that the protected person has no funds or other assets of her own, pursuant to ORS 125.095, the probate court ordered Andrew, as both guardian and husband, to pay appointed counsel's fees on a payment plan paralleling the schedule on which he was paying the attorney fees he incurred in his capacity as guardian. As we understand the court's order, the court reasoned that Andrew's own funds qualified as the "funds of a person subject to a protected proceeding" within the meaning of ORS 125.095, thereby empowering the court to direct Andrew to pay court-appointed counsel in the manner that it did. We reverse and remand.

The facts relevant to the issue on appeal are not disputed. Andrew Louie and Jasmine Louie are married and live together with their son. Jasmine suffers from debilitating mental health issues and, in 2016, the probate court appointed Andrew as her guardian. Jasmine does not work outside the home, has no income, and currently has no assets or other funds of her own. The family is supported by Andrew's income from his full-time job.

In 2019, Jasmine emailed the court requesting termination of the guardianship. The court appointed counsel for her, held a hearing on her request to terminate the guardianship, and denied it, although the court approved some changes to the guardianship to make it less restrictive. After the proceedings closed, Jasmine's appointed counsel filed a motion seeking an award of fees, citing as support ORS 108.040 and ORS 125.095. In the motion, counsel asked the court to "direct[] the guardian, who is the husband of the protected person, to pay her attorney's fees and costs." Andrew objected to the "implication that Counsel was seeking to be paid from Husband's wages, as those are the only apparent source from which payment could be made." The

court held a hearing and issued a letter ruling soon after, awarding the attorney fees and reasoning as follows:

> "[I]n this case, the request is not to shift the obligation from one party to another, but rather from *no one* to *someone*, in a case where the parties are one another's spouses and presumed to 'have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held.' ORS 107.105(1)(f)(C).
>
> "* * * * *
>
> "This probate court sits in equity and has broad powers to do equity in protective proceedings, as it also has in domestic relations proceedings. This case is a hybrid of the two, doubling the importance of equity to achieve the objective of meaningful justice. In order to balance the interests and the sacrifices of both spouses, an atypical order is necessary."

(Emphases in original.)

Based on its determination that Andrew's funds properly were considered to be Jasmine's funds as well, the court ordered that "whenever Husband makes a payment toward the balance of his own attorney's fees, he shall simultaneously make an equal payment toward Wife's attorney fees, until those attorney fees are paid in full." In explanation, the court noted that it did not intend to shift attorney fees "from one party to another," but instead that it "intended [the order] to be a method by which the Protected Person's share of the marital estate can be judiciously allocated toward payment of her own attorney fees."

Andrew appeals. On appeal, he argues that the limited judgment must be set aside to the extent that it directs him to pay the protected person's court-appointed counsel from his own funds. Andrew points out that the statute on which the probate court relied to conclude that his funds were property of the protected person based on their ongoing marriage, ORS 107.105(1)(f)(c), applies in the context of marital dissolutions, not probate proceedings. He notes further that Oregon is a state in which, in general, one spouse's assets do not become the assets of the other spouse simply by virtue of the marital relationship. This all means, according to Andrew, that the trial court lacked authority to

direct that Jasmine's court-appointed attorney be paid from Andrew's separate funds. Jasmine's counsel, in response, defends the probate court's ruling, arguing that the court's authority to make the contested ruling is grounded in the "broad powers" given to courts in protective proceedings and in its jurisdiction over Andrew in his role as guardian. *See, e.g.*, *Derkatsch v. Thorp, Purdy, Jewett*, 248 Or App 185, 193, 273 P3d 204 (2012) ("[A]s a general matter, a court in a protective proceeding has broad powers.").

As we understand the trial court's order, the source of authority for its limited judgment ordering the payment of court-appointed counsel is ORS 125.095(1). That provision states:

> "Funds of a person subject to a protective proceeding may be used to pay reasonable fees, costs and disbursements to any visitor, attorney, physician, fiduciary or temporary fiduciary for services related to the protective proceeding or for services provided on behalf of a fiduciary, respondent, petitioner, cross-petitioner, objector or protected person."

We review a trial court's interpretation of a statute for legal error. *McLaughlin v. Wilson*, 292 Or App 101, 105, 423 P3d 133 (2018), *aff'd*, 365 Or 535, 449 P3d 492 (2019). In interpreting a statute, "we examine the text and context of the statute and any legislative history that appears to be helpful at that level of analysis, then resort to maxims of statutory construction, if necessary." *Fuentes v. Tillett*, 263 Or App 9, 17, 326 P3d 1263 (2014) (citing *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009)). Here, the text of the statute is largely dispositive. The parties do not dispute that ORS 125.095(1), given its plain wording, would permit the probate court to order the payment of court-appointed counsel's fees from funds belonging to the protected person. The parties likewise do not dispute that Jasmine currently lacks funds of her own. Finally, we note also that there is no suggestion that Andrew has appropriated property of Jasmine or is otherwise managing affairs in a way so as to deprive her of assets in which she has an interest. Accordingly, the only question is whether there is a basis to conclude that Andrew's money constitutes "funds of" the protected person for purposes of ORS 125.095(1) simply by virtue of the marital relationship.

Under our standard of review, the question becomes whether the law provides a basis for concluding that Andrew's funds are funds belonging to the protected person. That is, is there any statute that makes one spouse's money the money of the other as a general matter? The answer is no.

ORS chapter 108 supplies the legal principles governing ownership of property within marriage. ORS 108.050 states that "property and pecuniary rights *** including real or personal property acquired by the spouse's own labor during the marriage, shall not be subject to the debts or contracts of the other spouse." ORS 108.020 similarly provides: "Except as provided in ORS 108.040, a spouse in a marriage is not liable for the separate debts of the other spouse, and the rent or income of property owned by either spouse is not liable for the separate debts of the other spouse." And ORS 108.060 provides:

> "When property is owned by either spouse in a marriage, the other spouse has no interest in that property that can be the subject of contract between the spouses, or that can make the spouses liable for the contracts or liabilities of the other spouse who is not the owner of the property, except as provided in ORS 108.040."

Those provisions signal the legislature's view that the property or money of one spouse is not the property or money of the other simply because of the marriage. Although ORS 108.040 carves out a limited exception to those rules for "expenses of the family," it is not readily apparent that the costs of court-appointed counsel for one spouse qualify as a family expense under that statute. In any event, the probate court did not rely on ORS 108.040.

ORS 107.105, on which the probate court did rely, does not lead to a different conclusion. That statute, which refers to the "marital estate," by its plain text, applies only to "marital annulment, dissolution or separation." ORS 107.105(1). By its terms, it provides a mechanism for determining ownership of property as between two spouses as they unwind a marriage. It does not provide a mechanism for permitting a third-party to the marital relationship to treat the funds or property of one spouse as the funds or

property of the other spouse during a marriage. It therefore does not provide legal authority for treating the separate funds of Andrew as Jasmine's own funds for purposes of ORS 125.095.

Though the court did not reference ORS 108.040, appointed counsel for Jasmine suggests that that statute nevertheless supplies authority for the court's order. As mentioned, that statute makes each spouse liable for "expenses of the family." ORS 108.040. Because the probate court did not rely on that statute, counsel's argument presents a possible alternative basis for affirmance, one we must reject on this record. That is because it is far from clear that the cost of court-appointed counsel is properly considered a family expense. In fact, it is not clear that the cost of court-appointed counsel in this case is properly viewed as an expense of the family where, in our review of the record, there does not appear to be any agreement that would make the protected person liable for the cost of her court-appointed counsel in the absence of her own funds to pay the cost of court-appointed counsel and a court order under ORS 125.095 to that effect.[1] Although we cannot affirm on that basis, our decision does not foreclose appointed counsel from further developing that argument on remand. *See State v. Lovaina-Burmudez*, 257 Or App 1, 14, 303 P3d 988, *rev den*, 354 Or 148 (2013) ("[W]ith respect to alternative grounds for affirmance raised before, but not resolved by, the trial court—we will ordinarily remand to the trial court to determine potentially dispositive questions of fact in the first instance * * * if the evidence, with nonspeculative derivative inferences, is legally sufficient to permit the trial court to endorse the alternative ground.").

Reversed and remanded.

---

[1] The reach of this opinion will be limited by amendments to ORS 125.080, which currently apply in Multnomah and Lane Counties and will gradually roll out across the state. Or Laws 2021, ch 400, § 4(1)-(3). Those amendments provide a court the authority to appoint state-funded counsel when it "determine[s] that a respondent or protected person is financially eligible[.]" Or Laws 2021, ch 400, § 1(5)-(6).